IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES DISTRICT COURT
FILED
MAR 1 2 2024
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

UNITED STATES OF AMERICA

v.

24-CR-6027-CJS

JOHNNIE M. WILLIAMS,

Defendant.

## PLEA AGREEMENT

The defendant, JOHNNIE M. WILLIAMS, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.     THE PLEA AND POSSIBLE SENTENCE

1.     The defendant agrees to waive indictment and to plead guilty to a one-count Information which charges a violation of Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a convicted felon), for which the maximum possible sentence is a term of imprisonment of 15 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is

sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.     ELEMENTS AND FACTUAL BASIS

3.     The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

First, that the defendant knowingly possessed a firearm, as charged in the Information;

Second, at the time the defendant possessed the firearm, the defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding one year;

Third, at the time the defendant possessed the firearm, the defendant knew he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year; and

Fourth, that the possession of the firearm was in or affecting commerce.

## FACTUAL BASIS

4.     The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.     On or about October 24, 2023, in the vicinity of 917 North Street, Rochester, New York, in the Western District of New York, the defendant, **JOHNNIE M. WILLIAMS**, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, namely, one (1) 45 Auto caliber, Springfield Armory XD-45ACP semiautomatic pistol, bearing serial number US772663.

2

b. On October 24, 2023, members of the United States Marshals Service Fugitive Task Force (USMSFTF), Rochester Police Department (RPD), and New York State Police (NYSP) were attempting to locate an individual with the initials T.P., who had an outstanding arrest warrant. Law enforcement were monitoring social media accounts for T.P. when they observed two live videos showing T.P. and the defendant in possession of firearms. Law enforcement set up surveillance in the area of Clifford Avenue and North Street in the City of Rochester, New York. While on surveillance in the area, law enforcement observed Johnnie Williams and T.P. leaving 1010 Clifford Avenue, Rochester, New York, and walk across the street to a gas station located at 917 North Street, Rochester, New York. At approximately 4:38 p.m., members of law enforcement entered the gas station and ordered everyone onto the ground. Officers detained the defendant inside the location and pat frisked him. During that pat frisk, officers located a 45 Auto caliber, Springfield Armory XD-45ACP semiautomatic pistol, bearing serial number US772663, on his person. The firearm was loaded with a magazine containing thirteen (13) rounds of ammunition. Ten baggies of crack cocaine were also discovered on the defendant's person.

c. The defendant admits that at the time he possessed the firearm referenced above in ¶¶ 4(a) and 4(b), he knew he had been previously convicted on or about May 30, 2018, in Monroe County Court, New York, of Robbery in the Second Degree and sentenced to five (5) years in jail for that conviction. The defendant knew that this prior conviction was punishable by a term of imprisonment exceeding one year.

d. No government authority had restored the rights of the defendant to lawfully possess a firearm.

e. The 45 Auto caliber, Springfield Armory XD-45 ACP semiautomatic pistol, bearing serial number US772663, was not manufactured in the State of New York so its presence in Rochester, New York on October 24, 2023, demonstrates that this firearm crossed a state line prior to that date, and therefore affected commerce.

## III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.     The government and the defendant agree that Guidelines § 2K2.1(a)(4)(A) applies to the offense of conviction and provides for a base offense level of 20.

## ACCEPTANCE OF RESPONSIBILITY

7.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 17.

## CRIMINAL HISTORY CATEGORY

8.     It is the understanding of the government and the defendant that the defendant's criminal history category is IV. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

9.     It is the understanding of the government and the defendant that, with a total offense level of 17 and criminal history category of IV, the defendant's sentencing range would be a term of imprisonment of 37 to 46 months, a fine of $10,000 to $95,000, and a period of supervised release of 1 to 3 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

10.   Notwithstanding the above calculations and based in part on the facts set forth in ¶ 19 below, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence **impose a sentence of imprisonment of 60 to 66 months** as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. If, after reviewing the presentence report, the Court rejects this agreement, the government may move to vacate the plea agreement. If the government moves to vacate the agreement, the defendant's plea shall be deemed withdrawn. This agreement does not affect the amount of a fine or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

11.   The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

12.   The defendant understands that, except as set forth in ¶ 10, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and

the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

13. In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

14. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

15. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

16. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant

concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution or a fine and the method of payment; and

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

17. At sentencing, the government will move to dismiss Criminal Complaint 23-MJ-0654 pending against the defendant.

18. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

19. The defendant is currently facing criminal charges brought by the Monroe County, New York, District Attorney's Office, related to the instant offense, occurring on or about October 24, 2023, and resulting in violations of New York Penal Law §§ 265.03(3), 265.02(1), and 220.16(1), under crime report number 23-251633. The defendant faces a potential sentence of 7 to 15 years in the Department of Corrections if convicted of these crimes. The Monroe County District Attorney's Office has represented to counsel for the government and counsel for the defendant that if the defendant is sentenced to the agreed upon **term of imprisonment between 60 to 66 months** on the instant federal charge, the

District Attorney's Office will dismiss the above-referenced charges currently pending in New York State court.

## VII. APPEAL RIGHTS

20.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a term of imprisonment of 60 to 66 months, a fine of $10,000 to $95,000, and term of supervised release of 1 to 3 years, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a term of imprisonment of 60 to 66 months, a fine of $10,000 to $95,000, and term of supervised release of 1 to 3 years, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. FORFEITURE PROVISIONS

23.     The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearm and ammunition described below and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c), which is in the possession and control of the defendant or the defendant's nominees. That property includes, but is not limited to, the following seized by law enforcement:

a.      One (1) 45 Auto Caliber, Springfield Armory XD-45 ACP semiautomatic pistol, bearing serial number US772663, with magazine; and

b.      Thirteen (13) rounds of .45 auto caliber ammunition.

24.     After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the Seized Property. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any of the Seized Property, including notice set forth in an

indictment, information or administrative notice. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

25.     The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of the Seized Property in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the Seized Property in any administrative or judicial (civil or criminal) forfeiture proceeding. Further, if any third-party files a claim or petition to the Seized Property, the defendant will assist the government in litigating such claim.

26.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the Seized Property, and restrictions and notice provisions with respect to the final disposition or forfeiture of the Seized Property. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of the property in any proceeding whether constitutional or statutory, including but not limited to, any defenses based on principles of double jeopardy, as to this criminal proceeding or any related civil or administrative proceeding, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines. The defendant further agrees to the destruction of the Seized Property.

27.     The defendant further agrees that the forfeiture of the Seized Property as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, any income taxes or any other penalty that the Court may impose upon the defendant in addition to forfeiture and shall survive bankruptcy.

28.     The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the Seized Property survives and shall be given full force and effect. The failure of the defendant to forfeit the Seized Property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a breach of this agreement.

29.     The defendant agrees that for any reason, in any pleadings before the Court or any order of the Court, to include but not limited to the Preliminary and/or Final Order of Forfeiture and the Judgment and Commitment, if the government fails to properly identify an item to be forfeited, fails to include any item that is forfeitable under the applicable forfeiture statute in this case or includes a clerical or technical error, the defendant will consent and not oppose any effort by the government to amend, correct or add to the description/list of items subject to forfeiture in this case. Additionally, to the extent necessary and at the discretion of the United States Attorney's Office, the defendant further agrees in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited. Finally, if not specially identified or listed above, the defendant agrees to the abandonment of any and all cellular phones seized by law enforcement in this case.

## IX.   TOTAL AGREEMENT AND AFFIRMATIONS

30.   This plea agreement represents the total agreement between the defendant, JOHNNIE M. WILLIAMS, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY:   _____
BRANDON N. GONZALEZ
Assistant United States Attorney

Dated: March 12, 2024

I have read this agreement, which consists of pages 1 through 12. I have had a full opportunity to discuss this agreement with my attorney, LINDSEY PIEPER, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
JOHNNIE WILLIAMS
Defendant

Dated: March 12, 2024

_____
LINDSEY PIEPER, ESQ.
Attorney for the Defendant

Dated: March 12, 2024